■ JACK SILVERSTEIN, Appellant, v IRVING E. MINKIN, Individually and as Acting Commissioner of the Department of Buildings of the City of New

York, et al., Respondents.—Judgment (denominated an order), Supreme Court, New York County, entered September 7, 1978, dismissing petition for an order staying the Commissioner of Buildings from suspending or revoking petitioner's license as a "Special Rigger" without affording him a full and fair hearing, unanimously reversed, on the law, and vacated, without costs and without disbursements, petition granted and license reinstated without prejudice to respondent's right to schedule a new hearing to revoke or suspend the license. Petitioner has been licensed as a special rigger by the respondent Department of Buildings of the City of New York for some 40 years. On April 28, 1978, at one of petitioner's job sites, one of his employees fell from a scaffold and suffered fatal injuries. On the same day, an inspector examined the accident site, including the scaffold, and concluded that there were some nine violations. By letter dated May 2, 1978, petitioner was informed that his license had been suspended for some five days and that a hearing was scheduled for May 10, 1978 at which he might be represented by counsel. The hearing was thereafter adjourned until June 14, 1978 when it was commenced before a board of inquiry convened to conduct an investigation into the cause of the accident. Petitioner was repeatedly assured by respondent's counsel that the hearing was not concerned with revocation of his license. On different dates, the board heard testimony from the inspector and the petitioner. Petitioner responded to some questions, invoked his privilege as to self incrimination as to others, and refused to answer other questions as not pertinent to the accident that was the stated purpose of the hearing. By letter dated July 17, 1978, respondent's acting commissioner informed petitioner that his license had been suspended for five days, commencing July 17 and extending to and including July 21, 1978, and that during that period of time he might contact a named official of the department if he wished to be heard concerning certain charges that had developed in the prior hearing before the board of inquiry. The letter concluded: "Should you fail to properly explain your actions by July 21, 1978, your Special Rigger's license will be revoked permanently." By order to show cause, petitioner moved to stay respondent from suspending or revoking his license without affording him "a full and fair hearing." The Special Term Judge deleted a temporary stay included in the order to show cause. Petitioner's license was revoked on July 21, 1978 and the petition was thereafter dismissed at Special Term. As acknowledged by respondent, the principle is fundamental that petitioner has a property right in his license *(Duplex Print. Press Co. v Deering,* 254 US 443) which may not be impaired except after a hearing upon appropriate notice. *(Matter of Hecht v Monaghan* (307 NY 461, 469, 470.) Although technical legal rules of evidence and procedure need not be observed, "no essential element of a fair trial can be dispensed with unless waived. That means, among other things, that the party whose rights are being determined must be fully apprised of the claims of the opposing party and of the evidence to be considered, and must be given the opportunity to cross-examine witnesses, to inspect documents, and to offer evidence in explanation or rebuttal" *(Matter of Hecht v Monaghan, supra* p 470). The central issue is presented by respondent's claim that petitioner's failure to avail himself of the opportunity for a hearing provided in the letter of July 17, 1978 amounted to a waiver of his right to such a hearing. The difficulty with this position is that the letter cannot fairly be construed as having offered petitioner an opportunity to the kind of fair impartial hearing mandated by law. In particular, the final sentence, quoted above, stating that his license would be revoked "should you fail to properly explain your actions" does not

seem to us an acceptable notice to a licensee of his right to a hearing. Concur—Kupferman, J. P., Birns, Lane, Sandler and Sullivan, JJ.